**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**SAUNDRA B. DUGUE**                                    **CIVIL ACTION**

**VERSUS**                                                          **NO. 14-2723**

**SOCIAL SECURITY ADMINISTRATION**              **SECTION "N" (3)**

**REPORT AND RECOMMENDATION**

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying her claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act ("SSA"). The matter has been fully briefed on cross-motions for summary judgment and is ripe for review. For the following reasons, IT IS RECOMMENDED that plaintiff's motion for summary judgment be DENIED, the Commissioner's cross-motion be GRANTED, and plaintiff's case be DISMISSED WITH PREJUDICE.

**I.      BACKGROUND**

Plaintiff filed an application for a period of disability and DIB on April 5, 2012, alleging a disability onset date of November 20, 2011. (Adm. Rec. at 108-09). Plaintiff alleged disability due to fibromyalgia, osteoarthritis, fatigue, stress anxiety, and high blood pressure. (*Id.* at 120). Plaintiff, born on July 5, 1950, was 61 years old on the date on which she alleged disability and 63 years old at the time of the final administrative decision. (*Id.* at 108). Plaintiff completed one year of college. (*Id.* at 121). Plaintiff has past work experience as an accountant, an assistant collections manager, and a real estate agent. (*Id.* at 121).

Defendant initially denied plaintiff's application on July 11, 2012. (*Id.* at 57-60).  Plaintiff sought an administrative hearing, which defendant held on April 22, 2013. (*Id.* at 22-44).  Plaintiff and a vocational expert ("VE"), a Mrs. Harris, testified at the hearing.

On August 28, 2013, the administrative law judge ("ALJ") issued a decision in which she found that plaintiff had not been disabled through the date of the decision. (*Id.* at 11-18).  In the decision, the ALJ concluded that plaintiff has the severe impairments of bilateral carpal tunnel syndrome, fibromyalgia, hypertension, obesity arthralgia, and degenerative disc disease. (*Id.* at 13).  The ALJ held that plaintiff does not have an impairment that meets or medically equals a listed impairment under the regulations.  (*Id.* at 14).  The ALJ found that plaintiff retains the residual functional capacity ("RFC") to perform light work activity as defined in 20 C.F.R. § 404.1567(b) except that she must avoid employment that involves climbing ladders, ropes, scaffolds or kneeling, and an environment with concentrated exposure to extreme cold and heat.  (*Id.* at 14).   She also concluded that plaintiff is able to perform tasks that allow her to alternate positions every hour while remaining on task.  (*Id.*).  And lastly, she held that plaintiff is able to perform occasional overhead reaching bilaterally, with occasional handling and/or fingering with the left upper extremity.  (*Id.*).  The ALJ concluded that plaintiff can perform her past relevant work as an accounting clerk.  (*Id.* at 17).   The ALJ thus denied plaintiff DIB.  (*Id.* at 18).

Plaintiff asked the Appeals Council to review the ALJ's conclusion that she is not disabled. (*Id.* at 7).  On October 3, 2014, the Appeals Council denied plaintiff's request.  (*Id.* at 1-5). Plaintiff then timely filed this civil action.

## II.    STANDARD OF REVIEW

The function of a district court on judicial review is limited to determining whether there is "substantial evidence" in the record, as a whole, to support the final decision of the Commissioner as trier of fact, and whether the Commissioner applied the appropriate legal standards to evaluate the evidence.  *See* 42 U.S.C. § 405(g); *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir.1999); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir.1995); *Carriere v. Sullivan*, 944 F.2d 243, 245 (5th Cir.1991). If the Commissioner's findings are supported by substantial evidence, this Court must affirm them. *Martinez*, 64 F.3d at 173.

"Substantial evidence" is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401(1971); *Masterson v. Barnhart,* 309 F.3d 267, 272 (5th Cir. 2002).   It is more than a scintilla, but may be less than a preponderance. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir.1993).  A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the Commissioner's decision.  *See Boyd v. Apfel*, 239 F.3d  698, 704 (5th Cir. 2002).

A district court may not try the issues *de novo*, re-weigh the evidence, or substitute its own judgment for that of the Commissioner.  *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir.1995); *Spellman*, 1 F.3d at 360. The Commissioner is entitled to make any finding that is supported by substantial evidence, regardless of whether other conclusions are also permissible. *See Arkansas v. Oklahoma*, 503 U.S. 91, 112-13 (1992).  Conflicts in the evidence are for the Commissioner to resolve, not the courts.  *Carey,* 230 F.3d at 135.  Any of the Commissioner's findings of fact that are supported by substantial evidence are conclusive.

*Ripley*, 67 F.3d at 555.  Despite this Court's limited function on review, the Court must scrutinize the record in its entirety to determine the reasonableness of the decision reached and whether substantial evidence exists to support it.  *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir.1992); *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir.1990).

## III.    ENTITLEMENT TO BENEFITS UNDER THE ACT

To be considered disabled and eligible for disability benefits under the Act, plaintiff must show that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A claimant is considered disabled only if her physical or mental impairment is so severe that she is unable to do not only her previous work, but can not, considering her age, education and work experience, participate in any other kind of substantial gainful work which exists in significant numbers in the national economy, regardless of whether such work exists in the area in which she lives, whether a specific job vacancy exists, or whether she would be hired if she applied for work.  42 U.S.C. § 1382(a)(3)(B).  The Commissioner has promulgated regulations that provide procedures for evaluating a claim and determining disability.  20 C.F.R. §§ 404.1501 - 404.1599 & Appendices, §§ 416.901t-416.988 (1995).  The regulations include a five-step evaluation process for determining whether an impairment prevents a person from engaging in any substantial gainful activity.  *Id*. §§ 404.1520, 416.920; *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir.1994).

In *Shave v. Apfel*, 238 F.3d 592 (5th Cir. 2001), the Fifth Circuit restated the five-step

procedure to make a disability determination under the Social Security Act:

> The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." To determine whether a claimant is disabled, and thus entitled to disability benefits, a five-step analysis is employed. First, the claimant must not be presently working at any substantial gainful activity. Second, the claimant must have an impairment or combination of impairments that are severe. An impairment or combination of impairments is "severe" if it "significantly limits [a claimant's] physical or mental ability to do basic work activities." Third, the claimant's impairment must meet or equal an impairment listed in the appendix to the regulations. Fourth, the impairment must prevent the claimant from returning to his past relevant work. Fifth, the impairment must prevent the claimant from doing any relevant work, considering the claimant's residual functional capacity, age, education and past work experience. At steps one through four, the burden of proof rests upon the claimant to show he is disabled. If the claimant acquits this responsibility, at step five the burden shifts to the Commissioner to show that there is other gainful employment the claimant is capable of performing in spite of his existing impairments. If the Commissioner meets this burden, the claimant must then prove he in fact cannot perform the alternate work.

*Shave*, 238 F.3d at 594 (quoting *Crowley v. Apfel*, 197 F.3d 194, 197-98 (5th Cir.1999)).  If the ALJ determines that a plaintiff is not disabled under Step V of the five-part test, the ALJ must establish that the claimant has a "residual functional capacity," given the claimant's age, education, and past work experience, to perform other work available in the national economy.  *Leggett v. Chater*, 67 F.3d 558, 564 n.11 (5th Cir. 1995).  Step V also requires the Commissioner to use the medical-vocational guidelines to make her disability determination.  *Id.*

The four elements of proof weighed to determine whether evidence of disability is substantial are: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) claimant's subjective evidence of pain and disability; and (4) claimant's age, education, and work

history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir.1995). "The Commissioner, rather than the

courts, must resolve conflicts in the evidence." *Id*.

## IV.   ISSUE ON APPEAL

There are three issues on appeal:

(1)    Whether the ALJ neglected to evaluate plaintiff's fibromyalgia in accordance with Social Security Ruling ("SSR") 12-2p.

(2)    Whether the ALJ erred when she relied on evidence dated after plaintiff's date last insured to support her RFC determination.

(3)    Whether the ALJ erred when she failed to include plaintiff's limitations with concentration, persistence, and pace.

## V.   ANALYSIS

### 1.    Whether the ALJ neglected to evaluate plaintiff's fibromyalgia in accordance with Social Security Ruling ("SSR") 12-2p.

Plaintiff notes that at step two of the sequential analysis, the ALJ determined that plaintiff's

fibromyalgia is a severe impairment. (Adm. Rec. at 13). A medically-determinable impairment is

severe if it limits an individual's ability to perform work-related functions. *Stone v. Heckler*, 752

F.2d 1099 (5th Cir. 1985); 20 C.F.R § 404.1521. Plaintiff then argues that the ALJ failed to evaluate

the severity of her fibromyalgia and its functional limitations in her RFC determination, as required

by SSR 12-2p.

As noted, the ALJ evaluated plaintiff's diagnosis with fibromyalgia and found that it equated

to a severe impairment. (Adm. Rec. at 13).  The ALJ then limited plaintiff to a reduced range of light

work activity in her RFC finding. (*Id.* at 14).  Although the ALJ did not specifically mention

plaintiff's fibromyalgia in the RFC section of her decision, the ALJ carefully outlined the objective

6

medical evidence of record. (*Id.* at 15-17). For example, the ALJ noted plaintiff's treatment for shoulder pain, hip pain, and lower back pain while she was still working, (*Id.* at 15); her physical therapy records, (*Id.* at 16, 224, 293, 286-287); and her March 2012 diagnosis of fibromyalgia by Dr. Ahmad Shanableh. (*Id.* at 16, 242-243). The ALJ also noted that, even with the diagnosis of fibromyalgia, neither Shanableh nor any of plaintiff's other physicians placed any restrictions on plaintiff's activities. (*Id.* at 17); *see also Leggett v. Chater*, 67 F.3d 558, 565 (5th Cir. 1995) (finding that physicians at no time restricted the claimant's physical activity).

The Court finds that even if the ALJ erred by simply not mentioning plaintiff's fibromyalgia impairment enough, it was harmless error. Fifth Circuit case law clearly establishes that "[p]rocedural perfection in administrative proceedings is not required. This Court will not vacate a judgment unless the substantial rights of a party have been affected." *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988). Plaintiff has not demonstrated that her substantial rights were affected by the ALJ's finding that she has the severe impairment of fibromyalgia and by limiting her to a reduced range of light work activity. The record does not reveal any additional functional limitations that result from plaintiff's fibromyalgia not already accounted for in the RFC finding, nor has plaintiff identified any such limitations. The ALJ accounted for plaintiff's severe impairment of fibromyalgia in the RFC finding for a reduced range of light work, and the Court finds that plaintiff fails to raise any reversible error here.

    **2.**    **Whether the ALJ erred when she relied on evidence dated after plaintiff's date last insured to support her RFC determination.**

Title II of the SSA establishes that only disabled individuals with insured status are eligible

for DIB. 20 CFR § 404.101(a). Coverage for DIB extends approximately five years beyond the date the claimant last worked and contributed to the Social Security Disability Trust Fund. 20 CFR § 404.130. The date that coverage ends is referred to as the date last insured ("DLI"). To qualify for Title II benefits, a claimant must establish that she was disabled on or before the DLI. *Id.*

Plaintiff was insured for DIB only through September 30, 2012, *i.e.*, her DLI, thus requiring her to establish disability on or before that date. (Adm. Rec. at 13). The ALJ concluded – and plaintiff does not dispute – that plaintiff had not engaged in substantial activity during the period from her alleged onset date, November 20, 2011, through her DLI, September 30, 2012. (*Id.*).

Plaintiff contends that the ALJ erred when she considered surgeries that plaintiff underwent for carpal tunnel syndrome and a rotator cuff tear in her left shoulder after the expiration of her DLI and thus, outside of the relevant time period. In order to qualify for DIB, a disability claimant must show that her disabling impairments lasted or were expected to last for a continuous period of not less than 12 months. 20 C.F.R. § 404.1505(a). Because the period from plaintiff's alleged onset date through her DLI was only 10 months, the ALJ was required to discuss medical evidence after her DLI to determine whether any of her conditions lasted for the requisite 12 months. Therefore, while these surgeries occurred after plaintiff's DLI, they were relevant to the ALJ's overall disability analysis and thus temporally relevant. (Adm. Rec. at 16-17, 349-350, 428-429). The ALJ conceded that plaintiff's complaints of carpal tunnel and shoulder pain during the relevant time period were supported by the fact that she later had to have surgeries for both conditions. (*Id.* at 17). The ALJ continued, however, to find that because the surgeries were successful, such evidence did not support her disability claims, a finding that was consistent with the ALJ's duty to determine if any

of plaintiff's impairments resulted in disabling limitations that lasted or were expected to last for at least 12 months. (*Id.* at 17).

Moreover, even if the ALJ erred in discussing these surgeries, plaintiff again fails to cite to any prejudicial error. As noted above, Fifth Circuit case law establishes that "[p]rocedural perfection in administrative proceedings is not required. This Court will not vacate a judgment unless the substantial rights of a party have been affected." *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988). The Fifth Circuit has also noted that "[t]he major policy underlying the harmless error rule is to preserve judgments and avoid waste of time." *Id.* Here, a review of the record and the ALJ's opinion reveals that there was little evidence dated within the relevant time period to suggest a disabling condition. For example, four days after her alleged onset date, the objective medical evidence from the Alton Ochsner Medical Foundation indicates that plaintiff was "doing better" and "happy with her progress." (Tr. 16, 224). Courts apply the harmless error doctrine in Social Security disability cases when the error does not impact the outcome of the case and, therefore, does not prejudice the claimant. *See Frank v. Barnhart*, 326 F.3d at 622; *Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988) (finding that when an error does not render the ALJ's determination unsupported by substantial evidence, it does not prejudice the claimant's substantive rights and is only harmless error). Because plaintiff fails to raise a reversible error or to demonstrate prejudice, the Court rejects this argument.

3.    **Whether the ALJ erred when she failed to include plaintiff's limitations with concentration, persistence, and pace.**

Plaintiff argues that based on the substantial evidence in the case record, the reports of

plaintiff to her medical providers, and plaintiff's credible testimony at the administrative hearing, plaintiff has additional limitations that are not contained in the RFC assessment. Therefore, she maintains, the ALJ erred in assessing plaintiff's RFC by not fully and fairly developing the facts as required by *Ripley*, 67 F.3d at 557, and the RFC finding is thus not supported by substantial evidence. In particular, she contends that the ALJ failed to factor into her RFC analysis all of the limitations that stem from plaintiff's impairments, namely that pain and drowsiness will negatively affect her ability to maintain concentration, persistence, and pace, which will therefore limit her to unskilled work.

The Court finds that plaintiff has presented no evidence that she suffers from limitations to her concentration, persistence, and pace. Indeed, plaintiff herself did not allege limitations with her concentration, persistence, or pace in her application or at the hearing. (Adm. Rec. at 22-39, 46, 120). It is uncontested that plaintiff has the burden of proof on the first four steps of the Commissioner's case-sequential evaluation process. *See Greenspan v. Shalala*, 38 F.3d at 236. The Court finds that plaintiff has failed to meet her burden of proof that she can not perform her past relevant work. The Court finds that the ALJ's decision was properly based on a thorough review of the evidence, both objective and subjective.

As noted above, the ALJ has the sole responsibility for evaluating a claimant's RFC based on the record as a whole. *See Villa v. Sullivan*, 895 F.2d 1019, 1023-24 (5th Cir. 1990); 20 C.F.R. § 404.1546. The final responsibility for the determination of an individual's RFC and the ultimate question of whether an individual is disabled under the Act are issues reserved to the Commissioner pursuant to SSR 96-5p, 1996 WL 374183, and 20 C.F.R. § 404.1527(e); *see Ripley v. Chater*, 67

F.3d 552, 557 (5th Cir. 1995) (finding that the ALJ is responsible for determining the RFC). For the reasons outlined above, the Court finds that the ALJ's RFC determination is supported by substantial evidence here.

## VI.  CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that plaintiff's Motion for Summary Judgment be DENIED, the Commissioner's cross-motion be GRANTED, and plaintiff's case be DISMISSED WITH PREJUDICE.

### NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error.  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 10th day of February, 2016.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**